UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON M. KEENE,

    Plaintiff,          Case No. 15-cv-13270

v                    Honorable Thomas L. Ludington

BRANDON GROYA, et al.,

    Defendants.
_____/

**ORDER DENYING MOTION IN LIMINE
AND DENYING MOTION FOR EXTENSION AS MOOT**

Plaintiff Sharon Keene and her late husband were the sellers, and Defendants Brandon and Kelli Groya were the purchasers, under a November 29, 2007 land contract governing the sale of commercial real estate property located on two parcels of land at 515 S. Hamilton and 410 Mackinaw, Saginaw, Michigan 48602. *See* Compl. ¶ 10-15. The Groyas made payments to the Keenes under the Land Contract for seven years, but eventually ceased making payments in 2014. The Groyas also failed to pay real estate taxes associated with the parcels to the County of Saginaw, and failed to pay income taxes to both the State of Michigan and the Internal Revenue Services ("IRS") causing the IRS to record liens against the Groyas' Saginaw County properties, including their Land Contract vendee interests.

As a result, on August 20, 2015 Plaintiff Sharon Keene initiated the above-captioned action against Defendants Brandon and Kelli Groya, Defendant State of Michigan, Defendant IRS, and Defendant City of Saginaw in Saginaw County circuit court. *See* Compl., ECF No. 1. The IRS then removed the action to this Court on September 16, 2015. *Id.*

A bench trial is scheduled to commence on December 13, 2016. On November 1, 2016 Defendant Internal Revenue Service filed a motion in limine seeking to exclude parol evidence related to a quitclaim deed dated November 29, 2007 and recorded on December 18, 2007. For the reasons stated below, the IRS's motion will be denied.

**I.**

As noted, the November 29, 2007 real estate transaction between the Keenes and the Groyas concerned two properties. First, the transaction involved a commercial property located at 410 Mackinaw Street, Saginaw, MI, 48602. That property, identified by the tax number 9-17-0-0195-00000, features a structure that has historically been operated as a bar, or tavern. The second property included in the transaction, tax identification number 9-17-0-0194-00100, is located at 415 S. Hamilton Street. The property consists of a surface parking lot.

**A.**

Four written documents have been identified relating to the transaction. First, on November 29, 2007 a quit claim deed was recorded transferring from Keene and Keene, Inc. and Thomas Keene to Thomas J. Keene and Sharon M. Keene the properties located at "415 S. Hamilton/410 Mackinaw, Saginaw, MI 48602" for the full consideration of $100.00. *See* ECF No. 26 Ex. 3. The deed referred to an attached Exhibit A, which set forth the legal description and tax identification number for both parcels. *Id*.

Also on November 29, 2007 the Keenes and Groyas executed a second written document: a Land Contract under which the Keenes agreed to sell and convey the properties commonly known as "415 S. Hamilton/410 Mackinaw" to the Groyas. *See* ECF No. 26 Ex. 4. The Land Contract set forth the legal description and tax identification numbers of both properties. *Id.* It provided for a sale price of $230,000 with an initial payment of $60,000. *Id.* The balance of

purchase money and interest was to be paid in monthly installments of $1,434.56 with a six percent interest rate per annum and a balloon payment to be made ten years after the purchase date. *Id.* Under the terms of the Land Contract, upon receiving full payment the Keenes were to execute a deliver a Warranty Deed to the Groyas conveying title to both properties at issue. *Id.* In the meantime, the Groyas agreed to keep the premises in accordance with all governmental regulations, to keep and maintain the premises in good condition, to pay all taxes and assessments levied on the properties, and to maintain insurance against loss and damage. *Id.*

Pursuant to the Land Contract, the parties recorded a memorandum of land contract dated November 29, 2007 on December 18, 2007. *See* ECF No. 26 Ex. 5. Through the memorandum of land contract the parties acknowledged that they were vendor and vendee to a Land Contract covering the two premises at issue. *Id.* The memorandum set forth the legal description and tax identification number for both parcels. *Id.*

The fourth and final written document associated with the transaction – a second quit claim deed – was also recorded on November 29, 2007. *See* ECF No. 26 Ex. 6. The second quit claim deed purportedly conveys the subject properties to the Groyas. *Id.* The second quit claim deed also contains internal inconsistencies. Namely, while the deed itself refers to properties commonly known as "415 S. Hamilton/410 Mackinaw" the attached exhibit only contains the legal description and tax identification number for the surface parking lot located at 415 S. Hamilton Street. The attached exhibit also contains two tax identification numbers that have been crossed out, one of which correlates to the bar property located at 410 Mackinaw Street. *Id.* The attachment contains no other references to the bar property.

**B.**

Between November 29, 2007 and March of 2014 the Groyas made monthly installment payments to Plaintiff Keene as required by the Land Contract. *See* Am. Compl. ¶ 23. Beginning in April of 2014, the Groyas ceased making payments in breach of the Land Contract. *Id*. at ¶ 24. The Groyas also failed to pay late fees of $75.00 per month, as required by the Land Contract, and failed to pay real estate taxes associated with the parcels in excess of $6,244.91. *Id*. at ¶ 25; *See* also ECF No. 26 Ex. 1.

The Groyas also fell behind in personal income taxes they owed personally or that were owed by their wholly owned entity, Integrity Property Investments Inc., to the State of Michigan and the IRS. *See* Am. Compl. ¶ 26. As a result, the IRS and/or the State of Michigan placed liens upon the real estate located at 415 S. Hamilton and 410 Mackinaw. *See* ECF No. 26 Ex. 1. While the State of Michigan has apparently received full, or almost full, payment from the Groyas, the IRS is still owed in excess of $12,000. In the meantime, the real estate has allegedly fallen into a state of disrepair and the liquor license for the bar property has expired.

## C.

Plaintiff Sharon Keene initiated the present lawsuit by filing her complaint in Saginaw County circuit court on August 20, 2015. On September 16, 2015 Defendant IRS removed the action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. *See* ECF No. 1. After a number of issues related to proper service on the State of Michigan, Plaintiff filed an amended complaint on March 15, 2016. *See* ECF No. 21. Plaintiff then filed a second amended complaint on April 5, 2016 to correct a mistaken assertion that Plaintiff's interest in the real estate was superior to the City of Saginaw's interest. *See* Am. Compl., ECF No. 26.

The second amended complaint asserts four counts: (1) Breach of contract against the Groyas arising out of the recording of the second quit claim deed, the failure to make installment

and tax payments, the failure to maintain insurance, and for allowing the property to fall into a state of disrepair; (2) Fraudulent concealment against Defendant Groyas for wrongfully directing and concealing the recording of the second quit claim deed; (3) A quiet title claim pursuant to M.C.L. 600.2932 for both properties against all Defendants; and (4) a land contract foreclosure claim for both properties against all Defendants.

Discovery closed on July 14, 2016, and Defendant Saginaw was dismissed pursuant to the parties' stipulation on July 16, 2016. *See* ECF No. 20. The parties did not file any dispositive motion. However, on November 1, 2016 Defendant IRS filed a motion in limine seeking to exclude parol evidence related to the second quitclaim deed. *See* ECF No. 39. Through her response to that motion, Plaintiff Keene has essentially withdrawn her claim to the parking lot property.

**II.**

In its motion in limine the United States argues that the parol evidence rule bars the introduction of evidence extrinsic to the four written documents. The parol evidence rule has been codified in Michigan as follows:

> Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to those terms as are included in that memoranda or writing may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented by any of the following:
>
> (a) By course of performance, course of dealing, or usage of trade under section 1303.1
>
> (b) By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.

*See* MICH. COMP. LAWS. 440.2202. As summarized by the Michigan Court of Appeals, "parol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *UAW–GM Human Res. Ctr. v. KSL Recreation Corp.*, 579 N.W.2d 411 (Mich. Ct. App. 1998) (internal quotation marks and alterations omitted).

The question of whether contract language is ambiguous is a question of law. If the contract language is clear and unambiguous its meaning is also a question of law. However, where the language is unclear or susceptible to multiple meanings the determination of the parties' intention becomes a question for the fact-finder. *See Id.* (citing *Port Huron Ed. Ass'n v. Port Huron Area School Dist.*, 550 N.W.2d 228 (Mich. 1996)).

In the present matter the terms of the second quit claim deed are unclear and ambiguous as a matter of law. Not only is the quit claim deed inconsistent with the Land Contract and memorandum of land contract recorded that same day, but the deed also contains a glaring internal inconsistency. Namely, while the deed itself purports to convey the properties commonly known as 415 S. Hamilton and 410 Mackinaw, the attachment describing the premises contains only the description and tax identification number of 415 S. Hamilton. In fact, the tax identification number associated with 410 Mackinaw was hand written and then crossed out. It is therefore unclear whether the parties intended the November 29, 2007 quit claim deed to convey both properties or solely the parking lot property. Evidence regarding the parties' course of dealing and performance is therefore admissible in order to ascertain the parties' intentions under M.C.L. 440.2202, and the IRS's motion in limine will be denied.

**III.**

- 7 -

On November 22, 2016 Defendant IRS filed a motion to extend time to file proposed findings of fact and conclusions of law and trial briefs.  *See* ECF No. 42.  At the final pretrial conference held on November 29, 2016 the parties were informed that, due to the nature of this case, proposed findings of fact and conclusions of law and trial briefs would not be required. Accordingly, Defendant IRS's motion for an extension will be denied as moot.

**IV.**

Accordingly, it is **ORDERED** that Defendant IRS's motion in limine, ECF No. 39 is **DENIED.**

It is further **ORDERED** that Defendant IRS's motion to extend, ECF No. 42, is **DENIED as moot.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 12, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 12, 2016.

s/Kelly Winslow for
MICHAEL A. SIAN, Case Manager