UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON M. KEENE,

        Plaintiff,                      Case No. 15-cv-13270

v                                            Honorable Thomas L. Ludington

BRANDON GROYA, et al.,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SCHEDULING TELEPHONIC STATUS CONFERENCE

Plaintiff Sharon Keene and her late husband were the sellers, and Defendants Brandon and Kelli Groya were the purchasers, under a November 29, 2007 land contract governing the sale of commercial real estate property located on two parcels of land at 515 S. Hamilton and 410 Mackinaw, Saginaw, Michigan 48602. *See* Compl. ¶ 10-15. The Groyas made payments to the Keenes under the Land Contract for seven years, but eventually ceased making payments in 2014. The Groyas also failed to pay real estate taxes associated with the parcels to the County of Saginaw, and failed to pay income taxes to both the State of Michigan and the Internal Revenue Services ("IRS") causing the IRS to record liens against the Groyas' Saginaw County properties, including their Land Contract vendee interests.

As a result, on August 20, 2015 Plaintiff Sharon Keene initiated the above-captioned action against Defendants Brandon and Kelli Groya, Defendant State of Michigan, Defendant IRS, and Defendant City of Saginaw in Saginaw County circuit court. *See* Compl., ECF No. 1. The IRS then removed the action to this Court on September 16, 2015. *Id.* Defendants City of Saginaw has since been dismissed from the action, and Defendant State of Michigan has released

its lien on the subject property. After a settlement agreement between the remaining parties collapsed, on April 7, 2017 Plaintiff Keene filed a motion for summary judgment. *See* Mot. Summ. J., ECF No. 49. No party has responded to that motion. For the reasons stated below, Plaintiff Keene's motion will be granted.

**I.**

The underlying November 29, 2007 real estate transaction between the Keenes and the Groyas concerned two properties. First, the transaction involved a commercial property located at 410 Mackinaw Street, Saginaw, MI, 48602. That property, identified by the tax number 9-17-0-0195-00000, features a structure that has historically been operated as a bar, or tavern. The second property included in the transaction, tax identification number 9-17-0-0194-00100, is located at 415 S. Hamilton Street. The property consists of a surface parking lot.

**A.**

Four written documents have been identified relating to the transaction. First, on November 29, 2007 a quit claim deed was recorded transferring from Keene and Keene, Inc. and Thomas Keene to Thomas J. Keene and Sharon M. Keene the properties located at "415 S. Hamilton/410 Mackinaw, Saginaw, MI 48602" for the full consideration of $100.00. *See* ECF No. 26 Ex. 3. The deed referred to an attached Exhibit A, which set forth the legal description and tax identification number for both parcels. *Id*.

Also on November 29, 2007 the Keenes and Groyas executed a second written document: a Land Contract under which the Keenes agreed to sell and convey the properties commonly known as "415 S. Hamilton/410 Mackinaw" to the Groyas. *See* ECF No. 26 Ex. 4. The Land Contract set forth the legal description and tax identification numbers of both properties. *Id.* It provided for a sale price of $230,000 with an initial payment of $60,000. *Id.* The balance of

purchase money and interest was to be paid in monthly installments of $1,434.56 with a six percent interest rate per annum and a balloon payment to be made ten years after the purchase date. *Id.* Under the terms of the Land Contract, upon receiving full payment the Keenes were to execute a deliver a Warranty Deed to the Groyas conveying title to both properties at issue. *Id.* In the meantime, the Groyas agreed to keep the premises in accordance with all governmental regulations, to keep and maintain the premises in good condition, to pay all taxes and assessments levied on the properties, and to maintain insurance against loss and damage. *Id.*

Pursuant to the Land Contract, the parties recorded a memorandum of land contract dated November 29, 2007 on December 18, 2007. *See* ECF No. 26 Ex. 5. Through the memorandum of land contract the parties acknowledged that they were vendor and vendee to a Land Contract covering the two premises at issue. *Id.* The memorandum set forth the legal description and tax identification number for both parcels. *Id.*

The fourth and final written document associated with the transaction – a second quit claim deed – was also recorded on November 29, 2007. *See* ECF No. 26 Ex. 6. The second quit claim deed purportedly conveys the subject properties to the Groyas. *Id.* The second quit claim deed also contains internal inconsistencies. Namely, while the deed itself refers to properties commonly known as "415 S. Hamilton/410 Mackinaw" the attached exhibit only contains the legal description and tax identification number for the surface parking lot located at 415 S. Hamilton Street. The attached exhibit also contains two tax identification numbers that have been crossed out, one of which correlates to the bar property located at 410 Mackinaw Street. *Id.* The attachment contains no other references to the bar property.

**B.**

Between November 29, 2007 and March of 2014 the Groyas made monthly installment payments to Plaintiff Keene as required by the Land Contract. *See* Am. Compl. ¶ 23. Beginning in April of 2014, the Groyas ceased making payments in breach of the Land Contract. *Id.* at ¶ 24. The Groyas also failed to pay late fees of $75.00 per month, as required by the Land Contract, and failed to pay real estate taxes associated with the parcels in excess of $6,244.91. *Id.* at ¶ 25; *See* also ECF No. 26 Ex. 1.

The Groyas also fell behind in personal income taxes they owed personally or that were owed by their wholly owned entity, Integrity Property Investments Inc., to the State of Michigan and the IRS. *See* Am. Compl. ¶ 26. As a result, the IRS and/or the State of Michigan placed liens upon the real estate located at 415 S. Hamilton and 410 Mackinaw. *See* ECF No. 26 Ex. 1. While the State of Michigan has apparently received full, or almost full, payment from the Groyas, the IRS is still owed in excess of $12,000. In the meantime, the real estate has allegedly fallen into a state of disrepair and the liquor license for the bar property has expired.

**C.**

Plaintiff Sharon Keene initiated the present lawsuit by filing her complaint in Saginaw County circuit court on August 20, 2015. On September 16, 2015 Defendant IRS removed the action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. *See* ECF No. 1. After a number of issues related to proper service on the State of Michigan, Plaintiff filed an amended complaint on March 15, 2016. *See* ECF No. 21. Plaintiff then filed a second amended complaint on April 5, 2016 to correct a mistaken assertion that Plaintiff's interest in the real estate was superior to the City of Saginaw's interest. *See* Am. Compl., ECF No. 26.

The second amended complaint asserts four counts: (1) Breach of contract against the Groyas arising out of the recording of the second quit claim deed, the failure to make installment

and tax payments, the failure to maintain insurance, and for allowing the property to fall into a state of disrepair; (2) Fraudulent concealment against Defendant Groyas for wrongfully directing and concealing the recording of the second quit claim deed; (3) A quiet title claim pursuant to M.C.L. 600.2932 for both properties against all Defendants; and (4) a land contract foreclosure claim for both properties against all Defendants.

Discovery closed on July 14, 2016. On July 16, 2016, Defendant Saginaw was dismissed pursuant to the parties' stipulation, and on December 1, 2016 the State of Michigan released its tax lien. *See* ECF No. 20, Mot. Summ. J. Ex. 4. While the remaining parties did not file any dispositive motions, the IRS filed a motion in limine on November 1, 2016, to exclude parol evidence related to the second quitclaim deed. *See* ECF No. 39. Through her response to that motion, Plaintiff Keene essentially withdrew her claim to the parking lot property. By an order dated December 12, 2016, this Court determined that the second quit claim deed was not only inconsistent with the Land Contract and memorandum of land contract recorded that same day, but also contained material internal inconsistencies. Because the language of the second quit claim deed was unclear and ambiguous as a matter of law, the Court held that evidence regarding the parties' course of dealing and performance was admissible to ascertain the parties' intentions under M.C.L. 440.2202. The IRS's motion in limine was denied.

After entry of that order, the parties outlined on the record that they had reached a settlement agreement. The parties were therefore directed to submit closing documents on or before January 27, 2017. The date came and went with no closing documents, and so Counsel and their clients were directed to appear for an in person conference on March 28, 2017 to discuss the status of the case. *See* ECF No. 45. At the status conference, the parties informed the

Court that they had been unable to execute the settlement agreement. Plaintiff Keene then filed the present motion for summary judgment on April 7, 2017. *See* ECF No. 49.

**II.**

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party, who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c).

If an opposing party fails to properly address the factual assertions of the moving party, the court may "consider the facts undisputed for the purposes of the motion" and "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e). As explained by the Sixth Circuit:

> This burden to respond is really an opportunity to assist the court in understanding the facts. But if the non-moving party fails to discharge that burden—for example, by remaining silent—its opportunity is waived and its case wagered. Nothing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record.

*Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

In support of her motion for summary judgment, Plaintiff Keene attached the land sale contract and the Groyas' payment history and amortization schedule under the contract. *See* Mot. for Summ. J. Ex. 1, Ex. 3. Plaintiff Keene has also attached the State of Michigan's "Notice of

Release of State Tax Lien" as to the relevant property. *Id*. at Ex. 4. Finally, Plaintiff has attached the delinquent tax notice issued by Saginaw County concerning the relevant properties. *Id*. at Ex. 2. The pleadings, together with the attached documents, demonstrate that as of March 31, 2017 the Groyas were jointly and severally liable to Plaintiff in the amount of $138,341.02 for principal and interest, plus reimbursement of $16,623.96 for taxes due and owing to the City and County of Saginaw, and Court costs in the amount of $499.00. Because there are no material facts in dispute, summary judgment will be granted in favor of Plaintiff Keene.

In connection with her motion for summary judgment, Plaintiff has submitted a proposed judgment of land contract foreclosure. Problematically, the proposed judgment does not establish procedures that comply with Michigan law. For instance, the proposed judgment holds that the bar property would revert to Plaintiff, who would sell it in a private sale. Under Michigan law a judicial foreclosure action requires a public sale as a means of protecting the mortgager's or land contract purchaser's responsibility for a deficiency judgment. *See* Mich. Compl. Law § 600.3125. A telephonic status conference will therefore be scheduled to resolve issues regarding entry of judgment.

**III.**

Accordingly, it is **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 49, is **GRANTED.**

It is further **ORDERED** that a telephonic status conference is **SCHEDULED** for **July 11, 2017 at 3:00 p.m.** to be initiated by Plaintiff's attorney.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: June 15, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 15, 2017.

         s/Kelly Winslow
         KELLY WINSLOW, Case Manager